**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **FRANK ROOF**, | Case No. 2:21-cv-01117-IM |
| Petitioner, | **ORDER OF DIMISSAL** |
| v. | |
| **ERIN REYES**, Superintendent, Two Rivers Correctional Institution, | |
| Respondent. | |

**IMMERGUT, District Judge.**

      Petitioner Frank Roof ("Roof"), an individual in custody at Two Rivers Correctional Institution, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254 ("Section 2254"). Roof alleges that his present incarceration violates the terms of a plea agreement he entered with the State in 1996. For the reasons set forth below, the Court finds that Roof's Amended Petition for Writ of Habeas Corpus (ECF No. 14) must be dismissed.

///

PAGE 1 – ORDER OF DISMISSAL

## BACKGROUND

On July 23, 2021, Roof filed a Petition for Writ of Habeas Corpus in this Court challenging the Oregon Board of Parole's (the "Board") refusal to reconsider a 356-month parole revocation sanction imposed in connection with Roof's 1996 convictions of four counts of second-degree robbery. (Pet. (ECF No. 1), at 1-6.) Roof alleges that when the Board imposed the sanction, his total custodial term was commensurate with that imposed against his codefendant, but that the Board subsequently adjusted his codefendant's parole revocation sanction to only ninety days which reduced his total custodial term by 288 months. (*Id.* at 5-6.) The Board declined Roof's requests for a similar adjustment. (*Id.* at 5-8.) According to Roof, this disparity violates the terms of his 1996 plea agreement, "which guaranteed . . . [that] his total prison sentence, [including] a parole revocation sentence and a consecutive Linn County sentence[,] would be similar to the sentence his co-defendant had received from his parole revocation sentence, consecutive Washington County sentences and consecutive Linn County sentences." (*Id.* at 4.) Roof thus alleges that he has remained in custody well beyond what he has calculated to be his proper release date. (*Id.*)

On August 17, 2021, the Court issued an order requiring Roof to show cause why the petition should not be summarily dismissed. (Or. to Show Cause (ECF No. 6.), at 3.) Specifically, the Court noted that Roof previously had challenged in three separate habeas actions the Board's decisions with respect to the parole revocation sanction, and therefore the instant petition appeared to be successive. The Court also noted that Roof's challenge to his 356-month parole revocation sanction appeared to be barred by the one-year statute of limitations. (*Id.*) On September 23, 2021,

Roof filed an amended petition in which he responded to the show cause order.[1] Roof also filed a

separate response to the show cause order on September 27, 2021.

## STANDARDS

The Court may entertain a federal habeas petition on "behalf of a person in custody

pursuant to the judgment of a State court only on the ground that he is custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court need not

grant the writ nor order a return if it appears from the petition that the petitioner is not entitled to

relief. 28 U.S.C. § 2243. Rather, the Court may summarily dismiss a habeas petition "[i]f it plainly

appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled

to relief in the district court[.]" Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. §

2254. In addition, "[d]istrict courts are permitted to consider, *sua sponte*, whether a petition is

untimely and to dismiss a petition that is untimely on its face after providing the petitioner with

the opportunity to be heard." *Burguan v. Pfeiffer*, Case No. 2:19-cv-10869-DSF (GJS), 2020 WL

6136784, at *1 (C.D. Cal. May 26, 2020) (citing *Day v. McDonough*, 547 U.S. 198, 209 (2006)).

## DISCUSSION

Roof argues that the amended petition is neither successive nor time barred. In support of

these arguments, Roof attempts to recast his claims as an attack on the State's actions, "by and

through the Marion County District [Attorney's] Office," in connection to the oral plea agreement

rather than an attack on the Board's actions with respect to the parole revocation sanction.[2] The

---

[1] Roof also added a claim based on an alleged error in his postconviction proceedings.
(Am. Pet. at 4.)

[2] It appears that Roof attempts to recharacterize his claims to avoid dismissal on the basis
of successive petition. For example, Roof omits in the amended petition any reference to the
Board or the parole revocation sanction and instead claims that "[sixty-one] months after

PAGE 3 – ORDER OF DISMISSAL

Court notes, however, that the plea agreement "violation" of which Roof complains—*i.e.*, the significant disparity between the length of his total custodial term compared to that of his codefendant—is the direct result of the *Board's* downward adjustment of his codefendant's parole revocation sanction and its refusal thereafter to adjust Roof's parole revocation sanction in a similar manner. The Court thus construes the allegations in the amended petition as challenging the Board's refusal to reopen and reconsider Roof's parole revocation sanction considering the more favorable sanction ultimately granted to his codefendant.

Roof acknowledges that he challenged the revocation of his parole and the Board's imposition of the attendant sanction in previous federal habeas proceedings in this Court, but he claims to have raised those challenges before the Board adjusted his codefendant's sanction in 2001. (Resp. (ECF No. 15), at 5-6.) Roof thus appears to argue that he could not have raised claims relating to the violation of his oral plea agreement in his previous petitions, and therefore the instant petition is not successive.

As the Court previously explained, a petitioner generally may file only one habeas petition under 28 U.S.C. § 2254. *Braveboy v. James*, Case No. 2:20-cv-10609-JGB-KES, 2020 WL 7342756, at *2 (C.D. Cal. Dec. 14, 2020). "[A] claim presented in a second or successive habeas corpus application under [S]ection 2254 that was not presented in a prior application shall be dismissed" unless the petitioner demonstrates that:

> (A) . . . the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to

petitioner had fulfilled his end of the oral agreement[,] the State adjusted [his codefendant's] total sentence . . . from 529 months to 241 months[.]" (Am. Pet. at 7.)

PAGE 4 – ORDER OF DISMISSAL

establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). In addition, before a petitioner may file a second or successive habeas petition in the district court, he must "move in the appropriate court of appeals for an order authorizing the district court to consider" the second petition. 28 U.S.C. § 2244(b)(3)(A). In the absence of such an order, this Court is without jurisdiction to review a successive petition on the merits. *See Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (noting that "the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application") (simplified).

Roof fails to establish that the instant petition should not be summarily dismissed as successive. As the Court noted in the show cause order, Roof "previously filed three habeas corpus petitions attacking the parole board actions at issue . . . Roof v. Morrow, 99-1138-KI (challenging 1995, 1996, and 1998 board action); Roof v. Ore. Bd. of Parole, 00-023-KI (challenging 1995 and 1998 board actions); Roof v. Hill, 02-531-KI (successive petition challenging 1998 board action)." (*Roof v. Baker, et al.*, CV. 07-609-KI, ECF no. 10 at 4 n.1.) Roof indeed filed two of above listed habeas actions prior to the Board's adjustment of his codefendant's parole revocation sanction as he claims, but the third habeas action, *Roof v. Hill*, was filed in 2002 after the adjustment already had been made, and Roof provides no explanation for why the instant claim could not have been raised at that time. The amended petition thus is successive. *See Cooper*, 274 F.3d at 1273 (explaining that "[g]enerally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition"). Because there is no evidence in the record to suggest that Roof moved in the Ninth Circuit for an order authorizing this Court

to consider a successive petition or that such motion was granted, this Court lacks jurisdiction to consider the amended petition on the merits.

Even if the amended petition was not successive, it still would be subject to summary dismissal because it is untimely. The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations for federal habeas petitions filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The date on which the limitations period begins to run is the latest of four possible triggering dates, including "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Roof argues that the amended petition is not untimely because the factual predicate of his claim could not have been discovered until May 29, 2018, the day he calculated to be his "lawful release date" according to the terms of the oral plea agreement. (Am. Pet. at 9.) Accrual under Section 2244(d)(1)(D) begins, however, "when the [petitioner] knows (or through due diligence could discover) the important facts, not when the [petitioner] recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

Here, Roof knew of the *factual* predicate underlying his claim—namely, the disparity caused by the Board's downward adjustment of his codefendant's parole revocation sanction—as early as 2002. (*See Roof v. Blackletter*, Case No. 3:04-cv-01185-MO, Pet. (ECF No. 1), at 1-2) (listing the Board's final order dated September 11, 2002 as the judgment under attack and listing as the grounds raised on appeal from that order to include the Board's refusal to reopen his 1995 and 1996 future disposition hearings "to consider substantial evidence that the Board reduced petitioner's codefendant's parole violation sanction" in violation of the plea agreement that "stipulated [Roof] would serve a similar term of imprisonment as that of his codefendant"). Indeed,

PAGE 6 – ORDER OF DISMISSAL

Roof thereafter raised the issue in both habeas and civil rights cases in this district in 2004 and 2007, respectively. (*See Roof v. Blackletter*, Case No. 3:04-cv-01185-MO; *Roof v. Baker et al.*, Case No. 3:07-cv-00609-KI.) Roof's claim that he wrongfully is incarcerated in violation of his 1996 plea agreement therefore is untimely, and Roof has failed to offer any facts or arguments to demonstrate that he is entitled to statutory or equitable tolling.

Finally, to the extent Roof attempts to raise in the amended petition a separate claim for the State's alleged failure to provide "an opportunity for meaningful review when the Post-Conviction Court committed error of law in granting the State's motion for summary judgment," such a claim is not cognizable in federal habeas proceedings. *See Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curium) (holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"). Accordingly, this claim must be dismissed.

## CONCLUSION

For the reasons stated, the Court DENIES Roof's Amended Petition for Writ of Habeas Corpus (ECF No. 14), and DISMISSES this proceeding, with prejudice. Roof has not made a substantial showing of the denial of a constitutional right, and therefore the Court DENIES a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this __2nd__ day of December, 2021.

*Karin J. Immergut*
Karin J. Immergut
United States District Judge

PAGE 7 – ORDER OF DISMISSAL